UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                         :

KATHERYN PAPUSHAK,          :           CASE NO. 1:17-cv-2034
                         :
         Plaintiff,          :
                         :
      vs.                  :           OPINION & ORDER
                         :           [Resolving Docs. 9, 11, 12]

ARAMARK SERVICES, INC.,      :
                         :
        Defendant.      :
                         :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Katheryn Papushak moves to remand this case back to state court.[1]  Plaintiff argues that the Court does not have subject matter jurisdiction because her claims arise under Ohio's workers' compensation laws.[2]  Defendant Aramark Services, Inc. ("Aramark") opposes Plaintiff's motion to remand.[3]

For the following reasons, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

On August 24, 2017, Plaintiff Papushak filed her complaint in Cuyahoga County Court of Common Pleas.[4]  Plaintiff Papushak sues her former employer, Defendant Aramark, for its retaliation against her for having sought workers' compensation benefits.[5]  Papushak says Aramark violates Ohio's workers' compensation statute.[6]  Plaintiff's complaint alleges Defendant discharged her "because Plaintiff filed a claim and/or instituted, pursued or testified in a proceeding under the workers' compensation act."[7]

---

[1] Doc. 9.
[2] *Id.*
[3] Doc. 11.  Plaintiff replies.  Doc. 12.
[4] Doc. 1-1.
[5] *Id.*
[6] *Id.*
[7] *Id.* at ¶ 2.

On September 27, 2017, Defendant Aramark removed the case to this Court by citing diversity jurisdiction.[8]  On October 2, 2017, Plaintiff moved to remand this case back to state court.[9]

## II. DISCUSSION

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[10]

However, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."[11]

Under *Harper v. AutoAlliance International Inc.*, a civil action "arises under" a state's workmen's compensation laws when either "(1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law."[12]

Defendant argues that Ohio's workers' compensation laws did not create a cause of action for wrongful discharge due to filing or pursuing a workers' compensation claim.[13]  Defendant also argues that Plaintiff's claim does not depend on or require any interpretation of the Ohio workers' compensation statute.[14]

The Court disagrees with Defendant.  Plaintiff's claim for retaliatory discharge due to filing and/or pursuing a workers' compensation claim arises under Ohio's workers' compensation laws.[15]

---

[8] Doc. 1.
[9] Doc. 9.
[10] 28 U.S.C. § 1441(a).
[11] *Id.* § 1445(c).
[12] 392 F.3d 195, 203 (6th Cir. 2004).
[13] Doc. 11 at 5.
[14] *Id.* at 5-6.
[15] *See Goble v. City of Brunswick*, 491 F. Supp. 2d 722, 724-25 (N.D. Ohio 2007) (finding claim for retaliatory discharge due to filing a workers' compensation claim satisfied both *Harper* prongs); *Hafner v. Cowan Sys., LLC*, No. 1:04-CV-629, 2005 WL 1417104, at *2 (S.D. Ohio June 16, 2005) (remanding case because claims, including

The first *Harper* prong is satisfied. Ohio Rev. Code Ann. § 4123.90, Ohio's workers' compensation statute, created the cause of action.[16] Section 4123.90 specifically gives claimants a right and remedy for retaliatory discharge for filing or pursuing a workers' compensation claim.[17] The statute was also the first to recognize Plaintiff's cause of action. Ohio enacted the statute in 1986 before it recognized a general wrongful discharge tort in 1990.[18]

The second *Harper* prong is also satisfied. Plaintiff's complaint alleges she was discharged because she pursued her rights under Ohio's workers' compensation statute.[19] As a result, the success of Plaintiff's claim will directly depend on how Section 4123.90 is construed.[20]

Defendant attempts to refute the second prong by arguing that Plaintiff's claim is not actually based on a wrongful discharge due to filing and/or pursuing a workers' compensation claim.[21] To support this argument, Defendant cites facts outside of Plaintiff's complaint.[22]

---

wrongful discharge after filing a workers' compensation claim, arose under Ohio's workers' compensation laws); *Mencer v. Kraft Foods Glob., Inc.*, 695 F. Supp. 2d 667, 678 (S.D. Ohio 2010).

[16] *Goble*, 491 F. Supp. 2d at 724-25; *Mencer*, 695 F. Supp. 2d at 678.

[17] Ohio Rev. Code Ann. § 4123.90 ('No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury . . .").

[18] *See* *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981, 986-87 (Ohio 1990) ("We believe that the time has come for Ohio to join the great number of states which recognize a public policy exception to the employment-at-will doctrine."). Defendant cites *Hazlett v. Martin Chevrolet, Inc.* to argue that Ohio recognized a general claim for wrongful discharge before Section 4123.90's enactment. *See* Doc. 11 at 5. *Hazlett*, however, concerned only the narrow issue of wrongful termination in violation of Ohio's disability discrimination statute. *See* 496 N.E.2d 478, 480 (Ohio 1986).

[19] Doc. 1-1 at ¶ 2; Doc. 12 at 2. Defendant's citation to *Cincinnati Bengals, Inc. v. Abdullah* is not dispositive as to whether Plaintiff's claim depends on interpreting Ohio's workers' compensation statute. *See* Doc. 11 at 3, 6. That case did not involve claims for wrongful discharge based on filing a workers' compensation claim. *See* No. 1:09-CV-738, 2010 WL 1904922, at *1, 6 (Ohio Jan. 6, 2010) (deciding whether football players could file workers' compensation claims in California or in Ohio).

[20] *See* *Goble*, 491 F. Supp. 2d at 724-25 (finding that the success of plaintiff's wrongful discharge claim under Section 4123.90 depended on interpretation of the statute); *Hines v. Marriott Int'l, Inc.*, 246 F.Supp.2d 815 (N.D. Ohio 2002) (finding that retaliation claim was "too integrally related to her worker's compensation claims to be deemed 'independent' of the state statutory scheme governing such claims").

[21] Doc. 11 at 1-2, 5.

[22] *Id.*

The Court has discretion to consider facts outside of the pleadings when resolving a disputed jurisdictional issue.[23]  But the removing Defendant has the burden to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true.[24]  Defendant relies on bare factual assertions not grounded in any affidavits or documents.[25]  The Court finds that Defendant has not met its burden.[26]

### III. CONCLUSION

Accordingly, for the above reasons, the Court **GRANTS** Plaintiff's motion to remand.

IT IS SO ORDERED

Dated:  October 24, 2017                                        s/          *James S. Gwin*
                                                                                      JAMES S. GWIN
                                                                                      UNITED STATES DISTRICT JUDGE

---

[23] *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Szymanski v. CSX Transp., Inc.*, No. 3:06CV7097, 2006 WL 1561976, at *2 (N.D. Ohio June 1, 2006) ("District courts in our Circuit have likewise exercised discretion to look beyond the pleadings to determine whether remand must occur.").
[24] *Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir. 1993).
[25] *See* Doc. 11.
[26] Plaintiff's arguments concerning diversity jurisdiction (Doc. 12 at 2) are waived because they were raised for the first time in her reply brief.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).